**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERCK SHARP & DOHME B.V. and ORGANON USA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | **Document Electronically Filed**<br><br>Civil Action No. 20-18972 (CCC) (MF) |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S**
**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") hereby answers the Complaint for Patent Infringement of Plaintiffs Merck Sharp & Dohme B.V. ("Merck B.V.") and Organon USA Inc. ("Organon") (collectively, "Merck Plaintiffs" or "Plaintiffs"), as set forth below.

Plaintiffs' Complaint collectively refers to Teva USA and Teva Pharmaceutical Industries Limited ("Teva Ltd.") as the "Teva Defendants." The parties have requested that Teva Ltd. be dismissed from this case pursuant to pursuant to a joint Stipulation and Proposed Order. (D.I. 10.) For clarity, Teva USA hereby states that all responses herein are made on behalf of Teva USA only. This pleading is based upon Teva USA's knowledge as to its own activities, and upon information and belief as to the activities of others. Teva USA denies all allegations except those specifically admitted below. *See* Fed. R. Civ. P. 8(b)(3).

## NATURE OF THE ACTION

**Complaint ¶ 1.** This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 271(e)(2), the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that arises out of Teva Defendants' submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food

and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import the 500 mg/5 mL strength of a purported generic version of Bridion® (sugammadex) Injection prior to the expiration of U.S. Patent No. RE44,733 ("the '733 patent").

**Response:** Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Teva USA admits that Plaintiffs purport to bring an action for patent infringement under the patent laws of the United States. Teva USA admits that Teva USA submitted an amendment to Abbreviated New Drug Application ("ANDA") No. 214126 to the U.S. Food and Drug Administration ("FDA") ("the 500 mg/5 mL Amendment"), seeking approval to engage in the commercial manufacture, use, or sale of sugammadex injection, 500 mg/5 mL (100 mg/mL) ("the 500 mg/5 mL ANDA Product"). Otherwise denied.

## PARTIES

**Complaint ¶ 2.** By a letter dated January 31, 2020, Teva USA notified Merck that Teva USA had submitted to the FDA ANDA No. 214126 for a purported generic version of sugammadex injection, 200 mg/2 mL ("Teva 200 mg/2 mL ANDA Products"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Teva 200 mg/2 mL ANDA Products in or into the United States, including New Jersey, prior to the expiration of the '733 patent ("Original ANDA Submission").

**Response:** Admitted that Teva USA sent a letter dated January 31, 2020 to Plaintiffs ("the January Notice Letter") stating that Teva USA had submitted ANDA No. 214126 to the FDA seeking approval to engage in the commercial manufacture, use, or sale of sugammadex injection, 200 mg/2 mL (the "200 mg/2 mL ANDA Product"). Otherwise denied.

**Complaint ¶ 3.** As a result, on March 12, 2020, Merck filed a related Complaint against Teva Defendants, Merck Sharp & Dohme B.V. et al. v. Teva Pharmaceuticals USA Inc. et al., No. 20-2751-CCC-MF (D.N.J. Mar. 12, 2020), ECF No. 1, for patent infringement of the '733 patent (the "Related Action"). The Related Action was filed in connection with Teva Defendants' Original ANDA Submission to the FDA for the Teva 200 mg/2 mL ANDA Products.

**Response:** Admitted that Civil Action No. 20-2751-CCC-MF (D.N.J. Mar. 12, 2020), ECF No. 1 (the "Original Complaint") was filed on March 12, 2020. The Original Complaint speaks for itself and is the best source for its content. Otherwise denied.

**Complaint ¶ 4.** Plaintiff Merck Sharp & Dohme B.V. ("Merck B.V.") is a corporation organized and existing under the laws of the Netherlands with its principal place of business at Waarderweg 39, Haarlem, Netherlands 2031 BN. Merck B.V. is an indirect, wholly owned subsidiary of Merck & Co., Inc., a New Jersey corporation, which has its principal place of business at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.

**Response:** Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

**Complaint ¶ 5.** Plaintiff Organon USA Inc. ("Organon") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889. Organon is a wholly owned subsidiary of Merck & Co., Inc.

**Response:** Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

**Complaint ¶ 6.** On information and belief, Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business, or currently completing the process of relocating its principal place of business to, Morris Coprorate Center III, 400 Interplace Parkway, Parsippany, New Jersey 07054. On information and belief, Teva USA is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market.

**Response:** Admitted that Teva USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Interpace Parkway, Parsippany, NJ 07054. Admitted that Teva USA is in the business of developing, manufacturing, and selling pharmaceutical products in the United States. Otherwise denied.

**<u>Complaint ¶ 7.</u>** On information and belief, Teva USA has several places of business in the State of New Jersey, including but not limited to at the following business addresses: (1) 8 Gloria Lane, Fairfield, New Jersey 07004, and (2) 208 Passaic Avenue, Fairfield, New Jersey 07004.

**Response:** Admitted that Teva USA maintains a place of business at 8 Gloria Lane, Fairfield, New Jersey 07004 and 208 Passaic Avenue, Fairfield, New Jersey 07004.

**<u>Complaint ¶ 8.</u>** On information and belief, Defendant Teva Pharmaceutical Industries Limited ("Teva Ltd.") is a corporation organized and existing under the laws of Israel, having a place of business at 5 Basel Street, Petah Tikva, 4951033, Israel. On information and belief, Teva Ltd. is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market, through various operating subsidiaries, including Teva USA.

**Response:** This paragraph contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, denied.

**<u>Complaint ¶ 9.</u>** On information and belief, Teva USA is a wholly owned subsidiary of Teva Ltd.

**Response:** Admitted that Teva USA is an indirect, wholly-owned subsidiary of Teva Ltd. Otherwise denied.

**<u>Complaint ¶ 10.</u>** By a letter dated November 4, 2020 ("November Teva Notice Letter"), Teva USA notified Merck that Teva USA had submitted to the FDA an amendment to ANDA No. 214126 ("Teva's Amended ANDA") to add an additional strength of a purported generic version of sugammadex injection, 500 mg/5 mL ("Teva 500 mg/5 mL ANDA Products"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Teva 500 mg/5 mL ANDA Products in or into the United States, including New Jersey, prior to the expiration of the '733 patent.

**Response:** Admitted that Teva USA sent a letter dated November 4, 2020 to Plaintiffs ("the November Notice Letter") stating that Teva USA had submitted the 500 mg/5 mL

Amendment to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Product. Otherwise denied.

**<u>Complaint ¶ 11.</u>** On information and belief, Teva USA and Teva Ltd. acted in concert to prepare and submit Teva's Amended ANDA and the November Teva Notice Letter.

**Response:** This paragraph states legal conclusions to which no answer is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, to the extent an answer is required, admitted that Teva USA submitted the 500 mg/5 mL Amendment to the FDA, and that Teva USA sent the November Notice Letter to Plaintiffs. Otherwise denied.

**<u>Complaint ¶ 12.</u>** On information and belief, Teva USA and/or Teva Ltd. know and intend that upon approval of Teva's Amended ANDA, Teva USA and/or Teva Ltd. will manufacture, promote, market, sell, offer for sale, import, use, and/or distribute the Teva 500 mg/5 mL ANDA Products throughout the United States, including in New Jersey. On information and belief, Teva USA and Teva Ltd. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to the Teva 500 mg/5 mL ANDA Products, and enter into agreements that are nearer than arm's length. On information and belief, Teva USA and Teva Ltd. participated, assisted, and cooperated in carrying out the acts complained of herein.

**Response:** This paragraph contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, with respect to the allegations in the first sentence of Paragraph 12, admitted that Teva USA submitted the 500 mg/5 mL Amendment to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Product. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this sentence, and therefore denies them. The remainder of Paragraph 12 contains legal conclusions and allegations to which no answer is required. To the

extent an answer is required, Teva USA admits that Teva USA is an indirect, wholly-owned subsidiary of Teva Ltd., that Teva USA prepared and submitted the 500 mg/5 mL Amendment to the FDA, and that Teva USA prepared the November Notice Letter and sent it to Plaintiffs. Otherwise denied.

**Complaint ¶ 13.** On information and belief, Teva Ltd. holds Drug Master File No. 33924 for sugammadex sodium.

**Response:** This paragraph contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent a response is required, admitted that the FDA's list of Drug Master Files ("DMFs") listed Teva Ltd. as the holder of DMF No. 33924 as of January 4, 2021. Otherwise denied.

**Complaint ¶ 14.** On information and belief, following any FDA approval of Teva's Amended ANDA, Teva USA and Teva Ltd. will act in concert to manufacture, promote, market, sell, offer for sale, import, use, and/or distribute the Teva 500 mg/5 mL ANDA Products throughout the United States, including New Jersey.

**Response:** This paragraph states legal conclusions to which no answer is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, to the extent an answer is required, Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## JURISDICTION AND VENUE

**Complaint ¶ 15.** Merck incorporates each of the preceding paragraphs 1–14 as if fully set forth herein.

**Response:** Teva USA repeats and incorporates its responses to Paragraphs 1–14 of the Complaint as if fully set forth herein.

**<u>Complaint ¶ 16.</u>** This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 271, for infringement of the asserted patent. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**Response:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, Teva USA admits that the Complaint purports to state a cause of action for patent infringement. Otherwise denied.

**<u>Complaint ¶ 17.</u>** This Court has personal jurisdiction over Teva USA because Teva USA is a corporation with a principal place of business in New Jersey or is currently in the process of relocating its principal place business to New Jersey and has at least one other regular and established place of business in New Jersey.

**Response:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, for the purposes of this case only, Teva USA does not contest personal jurisdiction in this Judicial District. Otherwise denied.

**<u>Complaint ¶ 18.</u>** Teva USA is also subject to personal jurisdiction in New Jersey because, among other things, Teva USA has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this Court. On information and belief, Teva USA develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

**Response:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, for the purposes of this case only, Teva USA does not contest personal jurisdiction in this Judicial District. Otherwise denied.

**<u>Complaint ¶ 19.</u>** Teva USA, in concert with Teva Ltd., has committed an act of infringement in this judicial district by filing ANDA No. 214126 with the intent to make, use, sell, offer for sale, and/or import the Teva 500 mg/5 mL ANDA Products in or into this judicial district, prior to the expiration of the '733 patent.

**Response:** This paragraph states legal conclusions to which no answer is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, to the extent a response is required, admitted that Teva USA submitted the 500 mg/5 mL Amendment to the FDA, seeking approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Product. Otherwise denied.

**Complaint ¶ 20.** Teva Ltd. is subject to personal jurisdiction in New Jersey because, among other things, Teva Ltd. itself, and through its wholly owned subsidiary Teva Inc., purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this Court. On information and belief, Teva Ltd. itself, and through its wholly owned subsidiary Teva USA, develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey. In addition, Teva Ltd. is subject to personal jurisdiction in New Jersey because, on information and belief, it controls and dominates Teva USA, and therefore the activities of Teva USA in this jurisdiction are attributed to Teva Ltd.

**Response:** This paragraph states legal conclusions to which no answer is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent a response is required, denied.

**Complaint ¶ 21.** Teva Defendants have taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of the Teva 500 mg/5 mL ANDA Products, that will be purposefully directed at New Jersey and elsewhere in the United States.

**Response:** This paragraph states legal conclusions to which no answer is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, to the extent a response is required, admitted that Teva USA submitted the 500 mg/5 mL

Amendment to the FDA, seeking approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Product. Otherwise denied.

**Complaint ¶ 22.** On information and belief, Teva Defendants have systematic and continuous contacts with New Jersey; have established distribution channels for drug products in New Jersey; regularly and continuously conduct business in New Jersey, including by selling drug products in New Jersey, either directly or indirectly through their subsidiaries, agents, or affiliates; have purposefully availed themselves of the privilege of doing business in New Jersey; and derive substantial revenue from the sale of drug products in New Jersey.

**Response:** This paragraph states legal conclusions to which no answer is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, to the extent a response is required, admitted that Teva USA is in the business of developing, manufacturing, and selling pharmaceutical products in the United States. Otherwise denied.

**Complaint ¶ 23.** Teva Ltd.'s 2020 third quarter report states that the United States is Teva Ltd.'s "largest market," and that in the third quarter of 2020, Teva Ltd. "led the U.S. generics market in total prescriptions and new prescriptions." *See* Teva Reports Third Quarter 2020 Financial Results at 5-6, *available at* https://s24.q4cdn.com/720828402/files/doc_financials/2020/q3/Q3K-20_PR.combined_Final_Nov.4.2020.pdf (last visited November 16, 2020). Further, Teva Ltd.'s 2019 Securities and Exchange Commission 10-K form states that Teva Ltd. is "the leading generic drug company in the United States," and that Teva Ltd. "operate[s] worldwide with headquarters in Israel and a significant presence in the United States." *See* Teva Pharmaceutical Industries Limited 2019 Form 10-K at 3, *available at* http://d18rn0p25nwr6d.cloudfront.net/CIK-0000818686/5015938d-c8ed-48ab-bc5b-07ca0045cf2c.pdf (last visited November 16, 2020).

**Response:** This paragraph contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent a response is required, Teva Ltd.'s 2020 third quarter report and Teva Ltd.'s 2019 Securities and Exchange Commission 10-K form speak for themselves and are the best sources for their content. Otherwise denied.

**Complaint ¶ 24.** On information and belief, if Teva's Amended ANDA is approved, Teva Defendants will manufacture, market, promote, sell, offer for sale, import, use and/or distribute the Teva 500 mg/5 mL ANDA Products within the United States, including in New Jersey, consistent with Teva Defendants' practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Teva Defendants regularly do business in New Jersey, and their practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in New Jersey. On information and belief, Teva Defendants' generic pharmaceutical products are used and/or consumed within and throughout the United States, including in New Jersey. On information and belief, the Teva's ANDA Products will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Each of these activities would have a substantial effect within New Jersey and would constitute infringement of the '733 patent in the event that the Teva 500 mg/5 mL ANDA Products are approved before the '733 patent expires.

**Response:** This paragraph states legal conclusions to which no answer is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, to the extent a response is required, admitted that Teva USA is in the business of developing, manufacturing, and selling pharmaceutical products in the United States. Otherwise denied.

**Complaint ¶ 25.** On information and belief, Teva USA is registered as "Manufacturer and Wholesale" with the State of New Jersey's Department of Health under Registration No. 5003436.

**Response:** Denied.

**Complaint ¶ 26.** On information and belief, Teva USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100250184.

**Response:** Admitted that Teva USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services under Business ID No. 0100250184. Otherwise denied.

**Complaint ¶ 27.** On information and belief, Teva Defendants derive substantial revenue from generic pharmaceutical products that are used and/or consumed within New Jersey, and that are manufactured by Teva Defendants and/or for which Teva USA and/or Teva Ltd.

is/are the named applicant(s) on approved ANDAs. On information and belief, various products for which Teva USA and/or Teva Ltd. is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in New Jersey.

**Response:** This paragraph contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, admitted that Teva USA is in the business of developing, manufacturing, and selling pharmaceutical products in the United States. Otherwise denied.

**Complaint ¶ 28.** On information and belief, Teva USA has consented to jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs, and/or has filed counterclaims in such cases. *Inspirion Delivery Scis., LLC v. Teva Pharm. USA, Inc. et al.*, No. 2:19-cv-10464-MCA-MAH (D.N.J. Apr. 19, 2019); *Celgene Corp. v. Teva Pharm. USA, Inc. et al.*, No. 2:19-cv-08758-ES-MAH (D.N.J. Mar. 19, 2019); *Adapt Pharma Operations Ltd. et al. v. Teva Pharm. USA, Inc. et al.*, No. 2:18-cv-09880-JLL-JAD (D.N.J. May 30, 2018).

**Response:** Admitted that, in the following litigations, Teva USA stated in its answer to the Complaint that it did not contest personal jurisdiction of this Court for purposes of that particular litigation, and/or asserted counterclaims: *Inspirion Delivery Scis., LLC v. Teva Pharm. USA, Inc. et al.*, No. 2:19-cv-10464-MCA-MAH (D.N.J. Apr. 19, 2019); *Celgene Corp. v. Teva Pharm. USA, Inc. et al.*, No. 2:19-cv-08758-ES-MAH (D.N.J. Mar. 19, 2019); *Adapt Pharma Operations Ltd. et al. v. Teva Pharm. USA, Inc. et al.*, No. 2:18-cv-09880-JLL-JAD (D.N.J. May 30, 2018). Otherwise denied.

**Complaint ¶ 29.** On information and belief, Teva Ltd. has consented to jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs, and/or has filed counterclaims in such cases. *See, e.g.*, *Adapt Pharma Operations Ltd. et al. v. Teva Pharm. USA, Inc. et al.*, No. 2:18-cv-09880-JLL-JAD (D.N.J. May 30, 2018).

**Response:** This paragraph contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent a response is required, the pleadings in the following case speak for themselves and are the best source for

their content: *Adapt Pharma Operations Ltd. et al. v. Teva Pharm. USA, Inc. et al.*, No. 2:18-cv-09880-JLL-JAD (D.N.J. May 30, 2018).

**Complaint ¶ 30.** Additionally, this Court has personal jurisdiction over Teva Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Merck's claims arise under federal law; (b) Teva Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Teva Ltd. has sufficient contacts in the United States as a whole, including, but not limited to, by participating in the preparation and submission of Teva's ANDA, participating in the preparation and submission of DMF No. 33924 to the FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Teva Ltd. satisfies due process.

**Response:** This paragraph states legal conclusions to which no response is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent a response is required, denied.

**Complaint ¶ 31.** Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) as to Teva USA because, on information and belief, Teva USA has a regular and established place of business in New Jersey, and because, on information and belief, Teva USA has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the asserted patent that will lead to foreseeable harm and injury to Merck, which resides in this judicial district, by preparing or assisting in preparing Teva's Amended ANDA in New Jersey and/or with the intention of seeking to market the Teva 500 mg/5 mL ANDA Products nationwide, including within New Jersey.

**Response:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, for the purposes of this case only, Teva USA does not contest venue in this Judicial District. Otherwise denied.

**Complaint ¶ 32.** Venue is proper in this Court as to Teva Ltd. because Teva Ltd. is a foreign entity who may be sued in any judicial district, including in the District of New Jersey. 28 U.S.C. § 1391(c)(3); *see also* 28 U.S.C. § 1400(b).

**Response:** This paragraph states legal conclusions to which no response is required and contains factual allegations directed to another Defendant no longer a party to this case, to

which no response is required. To the extent a response is required, for the purposes of this case only, Teva USA does not contest venue in this Judicial District.

**<u>Complaint ¶ 33.</u>** Teva did not contest personal jurisdiction or venue in New Jersey in the Related Action involving the Original ANDA submission. *See, e.g.*, *Merck Sharp & Dohme B.V. et al. v. Teva Pharmaceuticals USA Inc. et al*., No. 20-2751-CCC-MF (D.N.J. Mar. 12, 2020), ECF No. 1 ¶ 31.

**Response:** This paragraph contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. Admitted that Teva USA did not contest personal jurisdiction or venue in this Judicial District in Civil Action No. 20-2751-CCC-MF, for the purposes of that case only. Otherwise denied.

**<u>Complaint ¶ 34.</u>** Teva USA has informed Merck that it will not contest personal jurisdiction or venue in the United States District Court for the District of New Jersey for purposes of this action.

**Response:** Admitted that Teva USA informed Plaintiffs that it will not contest personal jurisdiction or venue in the United States District Court for the District of New Jersey, for the purposes of this case only.

## <u>THE PATENT-IN-SUIT</u>

**<u>Complaint ¶ 35.</u>** Merck B.V. is the owner and assignee of the ’733 patent, entitled “6-Mercapto-Cyclodextrin Derivatives: Reversal Agents For Drug-Induced Neuromuscular Block” (attached as Exhibit A). Merck B.V. has the right to enforce the ’733 patent.

**Response:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, admitted that the face of U.S. Patent No. RE44,733 (“the ’733 patent”) lists the title as “6-Mercapto-Cyclodextrin Derivatives: Reversal Agents For Drug-Induced Neuromuscular Block” and Merck B.V. as the assignee and that Exhibit A purports to be a copy of the ’733 patent. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

**<u>Complaint ¶ 36.</u>** The ’733 patent was duly and legally issued on January 28, 2014. The ’733 patent was a reissue of U.S. Patent No. 6,670,340, which was duly and legally issued on December 30, 2003.

**Response:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, admitted that the face of the ’733 patent states that the ’733 patent issued on January 28, 2014 as a reissue of U.S. Patent No. 6,670,340 (“the ’340 patent”), and that the ’340 patent issued on December 30, 2003. Otherwise denied.

**<u>Complaint ¶ 37.</u>** The ’733 patent includes claims that recite 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, compositions containing 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, methods of using 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, and kits containing 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin.

**Response:** This paragraph states legal conclusions to which no response is required. To the extent a response is required, the ’733 patent speaks for itself and is the best source for its content. Otherwise denied.

**<u>Complaint ¶ 38.</u>** 6-Per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin is also referred to as sugammadex.

**Response:** Admitted.

**<u>Complaint ¶ 39.</u>** The FDA’s Approved Drug Products with Therapeutic Equivalence Evaluations (“Orange Book”) lists the expiration of the ’733 patent as January 27, 2026. On June 24, 2020, the United States Patent and Trademark Office (“PTO”) issued a Certificate Extending Patent Term, wherein the PTO granted 5 years of patent term extension for the ’733 patent (attached as Exhibit B). Therefore, the expiration of the ’733 patent is January 27, 2026.

**Response:** Admitted that, as of January 4, 2021, the FDA’s Approved Drug Products with Therapeutic Equivalence Evaluations (“Orange Book”) listed the expiration of the ’733 patent as January 27, 2021. Admitted that Exhibit B purports to be a copy of the Certificate Extending Patent Term for the ’733 patent. Admitted that Exhibit B states that the certificate “extends the term of the [’733] patent for the period of 5 years subject to the payment of

maintenance fees as provided by law, with all rights pertaining thereto as provided by 35 U.S.C. § 156." The allegation that the expiration of the '733 patent is January 27, 2026 states a legal conclusion to which no response is required; to the extent a response is required, denied.

## THE BRIDION® DRUG PRODUCT

**Complaint ¶ 40.** Organon is the holder of New Drug Application ("NDA") No. 022225, under which the FDA approved the commercial marketing of Bridion® (sugammadex) Injection ("Bridion®") on December 15, 2015, under Section 505(a) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(a). Bridion® is approved for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery. Bridion® is distributed in the United States by Merck Sharp and Dohme Corp., a wholly owned subsidiary of Merck & Co., Inc., in 200 mg/2 mL and 500 mg/5 mL strengths in a single-dose vial for bolus injection. A true and correct copy of the current prescribing information for Bridion® is attached as Exhibit C.

**Response:** Admitted that Organon purports to be the holder of New Drug Application ("NDA") No. 022225 for sugammadex injections, which are sold under the trade name Bridion®. Admitted that, as of January 4, 2021, the Orange Book listed the approval date for NDA No. 022225 as December 15, 2015. Admitted that Exhibit C purports to be prescribing information for Bridion® and purports to have a revision date of June 2020. Admitted that Exhibit C contains a section titled "Dosage Forms and Strengths" which lists "200 mg/2 mL (100 mg/mL) in a single-dose vial for bolus injection" and "500 mg/5 mL (100 mg/mL) in a single-dose vial for bolus injection." Admitted that Exhibit C states that "BRIDION is indicated for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery." Admitted that Exhibit C states that Bridion® is distributed by Merck Sharp and Dohme Corp., a subsidiary of Merck & Co., Inc. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

**Complaint ¶ 41.** Bridion® is a first-in-class drug that works differently than prior agents used for the reversal of neuromuscular blockade. The active ingredient in Bridion®, sugammadex, is a modified cyclodextrin that acts by directly encapsulating, binding, and inactivating agents used by healthcare providers to induce neuromuscular blockade in patients undergoing surgery, e.g., rocuronium or vecuronium, to reverse their effects. After intravenous injection, Bridion® distributes through plasma and binds to such neuromuscular blocking agents ("NMBAs") to form a complex. This process reduces the amount of NMBA available to bind to nicotinic cholinergic receptors in the neuromuscular junction, resulting in the reversal of neuromuscular blockade.

**Response:** Admitted that Exhibit C states that "BRIDION (sugammadex) injection, for intravenous use, contains sugammadex sodium, a modified gamma cyclodextrin chemically designated as *$6^A$,$6^B$,$6^C$,$6^D$,$6^E$,$6^F$,$6^G$,$6^H$-Octakis-S-(2-carboxyethyl)-$6^A$,$6^B$,$6^C$,$6^D$,$6^E$,$6^F$,$6^G$,$6^H$-octathio-γ-cyclodextrin sodium salt* (1:8) with a molecular weight of 2178.01." Admitted that Exhibit C contains a heading of "BRIDION® (sugammadex) Injection, for intravenous use." Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

**Complaint ¶ 42.** By this mechanism, Bridion® also avoids several of the side effects associated with prior reversal agents, such as acetylcholinesterase inhibitors. Traditional reversal agents are co-administered with other agents to manage these side effects, but the co-administered agents can cause a number of additional side effects. Moreover, Bridion® is capable of reversing the complete and prolonged block of neuromuscular function (known as "profound block") that can occur with the administration of NMBAs. Further, intravenous administration of sugammadex results in more rapid recovery from moderate or deep neuromuscular blockade in patients undergoing surgery who received rocuronium or vecuronium, as compared to neostigmine or succinylcholine. Because of at least these unique features, Bridion® has been viewed as a significant advance in the field of anesthesiology.

**Response:** Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**Complaint ¶ 43.** Bridion®, as well as methods of using Bridion®, are covered by one or more claims of the '733 patent. The '733 patent has been listed in connection with NDA No. 022225 in the FDA's Orange Book.

**Response:** Admitted that the ’733 patent was listed in connection with NDA No. 022225 in the FDA’s Orange Book as of January 4, 2021. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

## DEFENDANTS’ AMENDED ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

**Complaint ¶ 44.** On information and belief, Teva Defendants have submitted or caused the submission of Teva’s Amended ANDA to the FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of the Teva 500 mg/5 mL ANDA Products, as a purported generic version of Bridion®, prior to the expiration of the ’733 patent.

**Response:** Admitted that Teva USA submitted ANDA No. 214126 to the FDA under 21 U.S.C. § 355(j), including the 500 mg/5 mL Amendment seeking approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Products. Otherwise denied.

**Complaint ¶ 45.** On information and belief, the FDA has not yet approved Teva’s Amended ANDA.

**Response:** Admitted that the FDA had not yet approved ANDA No. 214126 as of January 4, 2021. Otherwise denied.

**Complaint ¶ 46.** In the November Teva Notice Letter, Teva USA notified Merck of the submission of an amendement to Teva’s ANDA to the FDA to include an additional strength of Sugammadex Sodium Injection, Eq. 500 mg base/5 mL. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Teva 500 mg/5 mL ANDA Products prior to the expiration of the ’733 patent.

**Response:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the November Notice Letter speaks for itself and is the best source for its content. Admitted that Teva USA notified Plaintiffs in the November Notice Letter of Teva USA’s submission of the 500 mg/5 mL Amendment to the FDA seeking

approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Product. Otherwise denied.

**<u>Complaint ¶ 47.</u>** In the November Teva Notice Letter, Teva USA acknowledged that the Reference Listed Drug for Teva's Amended ANDA is Bridion®. Bridion® is indicated for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery.

**Response:** Admitted that Exhibit C states that "BRIDION is indicated for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery." Otherwise denied.

**<u>Complaint ¶ 48.</u>** In the November Teva Notice Letter, Teva USA also notified Merck that, as part of its Amended ANDA, Teva USA had filed a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '733 patent.

**Response:** Admitted that Teva USA notified Plaintiffs in the November Notice Letter that Teva USA filed a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '733 patent. Otherwise denied.

**<u>Complaint ¶ 49.</u>** On information and belief, Teva USA submitted its Amended ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '733 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the Teva 500 mg/5 mL ANDA Products.

**Response:** Admitted that Teva USA submitted the 500 mg/5 mL Amendment to the FDA with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Otherwise denied.

**<u>Complaint ¶ 50.</u>** In the November Teva Notice Letter, Teva USA stated that the Teva 500 mg/5 mL ANDA Products contain sugammadex as an active ingredient.

**Response:** Admitted that Teva USA stated in the November Notice Letter that "the active ingredient . . . of the proposed drug product [is] Sugammadex." Otherwise denied.

**<u>Complaint ¶ 51.</u>** On information and belief, Teva Defendants, through their own actions and through the actions of their agents, affiliates, and subsidiaries, prepared and submitted Teva's Amended ANDA, and intend to further prosecute Teva's Amended ANDA. On information and belief, if the FDA approves Teva's Amended ANDA, Teva Defendants will manufacture, offer for sale, or sell the Teva 500 mg/5 mL ANDA Products within the United States, or will import the Teva 500 mg/5 mL ANDA Products into the United States. On information and belief, if the FDA approves Teva's Amended ANDA, Teva Defendants, through their own actions and through the actions of their agents, affiliates, and subsidiaries, will actively induce or contribute to the manufacture, use, offer for sale, sale, or importation of the Teva 500 mg/5 mL ANDA Products in or into the United States.

**Response:** This paragraph contains legal conclusions to which no response is required and factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, to the extent a response is required, admitted that Teva USA submitted the 500 mg/5 mL Amendment to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Product. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them. Otherwise denied.

**<u>Complaint ¶ 52.</u>** Merck brings this action within forty-five days of receipt of the November Teva Notice Letter. Accordingly, Merck is entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**Response:** Admitted that Plaintiffs filed this action on December 14, 2020. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of this paragraph, and therefore denies them. The remainder of this paragraph states legal conclusions to which no response is required; to the extent a response is required, denied. Otherwise denied.

## <u>COUNT I – INFRINGEMENT OF THE '733 PATENT</u>

**<u>Complaint ¶ 53.</u>** Merck incorporates each of the preceding paragraphs 1–52 as if fully set forth herein.

**Response:** Teva USA repeats and incorporates its responses to Paragraphs 1–52 of the Complaint as if fully set forth herein.

**Complaint ¶ 54.** The Teva 500 mg/5 mL ANDA Products, and the use of the Teva 500 mg/5 mL ANDA Products, are covered by one or more claims of the ’733 patent, including at least claim 1 of the ’733 patent, because claim 1 of the ’733 patent encompasses the sugammadex utilized in the Teva 500 mg/5 mL ANDA Products.

**Response:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

**Complaint ¶ 55.** In the November Teva Notice Letter, Teva USA did not specifically contest infringement of any claims of the ’733 patent.

**Response:** The Notice Letter speaks for itself and is the best source for its content. Otherwise denied.

**Complaint ¶ 56.** Teva Defendants’ submission of Teva’s Amended ANDA with a Paragraph IV Certification for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Teva 500 mg/5 mL ANDA Products in or into the United States before the expiration of the ’733 patent is an act of infringement of the ’733 patent under 35 U.S.C. § 271(e)(2)(A).

**Response:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, admitted that Teva USA submitted the 500 mg/5 mL Amendment to the FDA with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Otherwise denied.

**Complaint ¶ 57.** If approved by the FDA, Teva Defendants’ commercial manufacture, use, importation, sale, and/or offer for sale of the Teva 500 mg/5 mL ANDA Products in or into the United States will directly infringe, contribute to the infringement of, and/or actively induce the infringement of one or more claims of the ’733 patent under 35 U.S.C. § 271(a)-(c).

**Response:** Denied.

**<u>Complaint ¶ 58.</u>** On information and belief, Teva Defendants will engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Teva 500 mg/5 mL ANDA Products in or into the United States immediately and imminently upon approval of Teva's Amended ANDA.

**Response:** This paragraph contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, admitted that Teva USA submitted the 500 mg/5 mL Amendment to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Product. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

**<u>Complaint ¶ 59.</u>** The commercial manufacture, use, sale, offer for sale, or importation of the Teva 500 mg/5 mL ANDA Products in or into the United States would infringe one or more claims of the '733 patent.

**Response:** Denied.

**<u>Complaint ¶ 60.</u>** On information and belief, the commercial manufacture, use, sale, offer for sale, or importation of the Teva 500 mg/5 mL ANDA Products in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '733 patent.

**Response:** Denied.

**<u>Complaint ¶ 61.</u>** On information and belief, upon FDA approval of Teva's Amended ANDA, Teva Defendants will, through their own actions or through the actions of their agents, affiliates, and subsidiaries, market and/or distribute the Teva 500 mg/5 mL ANDA Products to resellers, pharmacies, hospitals, clinics, healthcare professionals, and other end users. On information and belief, Teva Defendants will knowingly and intentionally accompany the Teva 500 mg/5 mL ANDA Products with a product label or product insert that will include instructions for using or administering the Teva 500 mg/5 mL ANDA Products, which are substantially similar to the instructions in the prescribing information for Bridion®, attached as Exhibit C, and which, if followed, will infringe the '733 patent. Accordingly, Teva Defendants will induce resellers, pharmacies, hospitals, clinics, healthcare professionals, and other end users of the Teva 500 mg/5 mL ANDA Products to directly infringe the '733 patent. On information and belief,

Teva Defendants will encourage acts of direct infringement with knowledge of the ’733 patent and knowledge that Teva Defendants are encouraging infringement.

**Response:** This paragraph contains legal conclusions to which no response is required and contains factual allegations directed to another Defendant no longer a party to this case, to which no response is required. To the extent that this paragraph contains allegations about Teva USA, to the extent a response is required, Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence in this paragraph, and therefore denies them. Otherwise denied.

**Complaint ¶ 62.** On information and belief, Teva Defendants plan and intend to, and will, actively induce infringement of the ’733 patent when Teva’s Amended ANDA is approved, and plan and intend to, and will, do so immediately and imminently upon approval. Teva Defendants’ activities will be done with knowledge of the ’733 patent and specific intent to infringe that patent.

**Response:** Denied.

**Complaint ¶ 63.** On information and belief, Teva Defendants know that the Teva 500 mg/5 mL ANDA Products and proposed labeling are especially made or adapted for use in infringing the ’733 patent, that the Teva 500 mg/5 mL ANDA Products are not a staple article or commodity of commerce, and that the Teva 500 mg/5 mL ANDA Products and accompanying proposed labeling are not suitable for substantial noninfringing use. On information and belief, Teva Defendants plan and intend to, and will, contribute to infringement of the ’733 patent immediately and imminently upon approval of Teva’s Amended ANDA.

**Response:** Denied.

**Complaint ¶ 64.** Notwithstanding Teva Defendants’ knowledge of the claims of the ’733 patent, Teva Defendants have continued to assert their intent to manufacture, use, offer for sale, sell, distribute, and/or import the Teva 500 mg/5 mL ANDA Products with its product labeling in or into the United States following FDA approval of Teva’s Amended ANDA prior to the expiration of the ’733 patent.

**Response:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, admitted that Teva USA submitted the 500 mg/5

mL Amendment to the FDA seeking approval to engage in the commercial manufacture, use, or sale of the 500 mg/5 mL ANDA Product. Otherwise denied.

**Complaint ¶ 65.** The foregoing actions by Teva Defendants constitute and/or will constitute direct infringement of the ’733 patent; active inducement of infringement by others of the ’733 patent; and contribution to the infringement by others of the ’733 patent.

**Response:** Denied.

**Complaint ¶ 66.** On information and belief, Teva USA, in concert with its agents, subsidiaries, and affiliates including Teva Ltd., filed Teva’s Amended ANDA with a Paragraph IV Certification without adequate justification for asserting that the ’733 patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, or importation in or into the United States of the Teva 500 mg/5 mL ANDA Products. On information and belief, Teva Defendants have acted with full knowledge of the ’733 patent and without a reasonable basis for believing that they would not be liable for direct infringement of the ’733 patent; active inducement of infringement by others of the ’733 patent; and/or contribution to the infringement by others of the ’733 patent. On information and belief, the direct and indirect infringement by Teva Defendants of the ’733 patent was and is willful. Teva Defendants’ conduct renders this case “exceptional” under 35 U.S.C. § 285.

**Response:** Denied.

**Complaint ¶ 67.** Merck will be substantially and irreparably damaged by infringement of the ’733 patent. Unless Teva Defendants are enjoined from directly infringing the ’733 patent, actively inducing infringement of the ’733 patent, and contributing to the infringement of the ’733 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law, and considering the balance of hardships between Merck and Teva Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of an injunction.

**Response:** Denied.

## PRAYER FOR RELIEF

Teva USA denies that Plaintiffs are entitled to any of the relief set forth in their request for relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without any admissions as to burden of proof, and expressly reserving their right to assert additional defenses, Teva USA states the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement of the '733 Patent)**

Teva USA's manufacture, sale, use, offer for sale, and/or importation of the 500 mg/5 mL ANDA Product would not infringe any valid and enforceable claim of the '733 patent.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity of the '733 Patent)**

The claims of the '733 patent are invalid for failure to comply with the requirements of at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 251 *et seq.*, and/or are invalid under the doctrine of obviousness-type double patenting and/or the reissue-recapture rule, and/or for any other judicially-created and/or non-statutory basis for invalidity or unenforceability.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Costs)**

Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

**FIFTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

Plaintiffs may not seek injunctive relief against Teva USA because Plaintiffs' alleged damages are not immediate or irreparable, and Plaintiffs therefore have an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

Teva USA has not, does not, and/or will not willfully infringe any valid or enforceable claim of the '733 patent, and Plaintiffs are not entitled to enhanced damages.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Exceptional Case)**

Teva USA is entitled to an award of its reasonable attorneys' fees to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable, including without limitation, Fed. R. Civ. P. 11.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Teva USA reserves the right to allege additional affirmative defenses as they become known through the course of discovery.

**NINTH AFFIRMATIVE DEFENSE**
**(Invalidity of Patent Term Extension)**

All, or at least a portion of, the extension of the term of the '733 patent is invalid under 35 U.S.C. § 282(c) because of the material failure of the applicant and/or the Director of the Patent Office to comply with the requirements of 35 U.S.C. § 156 in applying for and/or awarding a patent term extension under 35 U.S.C. § 156.

## COUNTERCLAIMS

Without admitting any of the Plaintiffs' allegations other than those expressly admitted herein, and without prejudice of the rights of Defendant to plead additional Counterclaims as the facts of the matter warrant, Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA" or "Counterclaim-Plaintiff") hereby asserts the following Counterclaims against Merck Sharp & Dohme B.V. ("Merck B.V.") and Organon USA Inc. ("Organon") (collectively, "Counterclaim-Defendants").

## THE PARTIES

1. Teva USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Interpace Parkway, Parsippany, NJ 07054.

2. On information and belief, Merck B.V. is a corporation organized and existing under the laws of the Netherlands with its principal place of business at Waarderweg 39, Haarlem, Netherlands 2031 BN.

3. On information and belief, Merck B.V. is an indirect, wholly owned subsidiary of Merck & Co., Inc., a New Jersey corporation, which has its principal place of business at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.

4. On information and belief, Organon is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

5. On information and belief, Organon is a wholly owned subsidiary of Merck & Co., Inc.

## JURISDICTION AND VENUE

6. These Counterclaims seek declaratory relief arising under the patent laws of the United States, Title 35, United States Code.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9. The Court has personal jurisdiction over Merck B.V. because, *inter alia*, Merck B.V. subjected itself to the jurisdiction of this Court by filing this action, and because, on information and belief, Merck B.V. researches, manufactures, and markets branded drug products, and continuously and systematically conducts business throughout the United States, including in New Jersey, and because, either directly or through agents, it transacts business in, and derives substantial revenue from, New Jersey.

10. The Court has personal jurisdiction over Organon because, *inter alia*, on information and belief, Organon is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

11. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400 and by virtue of the Counterclaim-Defendants' filing of this action in this Court.

## FACTUAL BACKGROUND

12. According to the United States Food and Drug Administration ("FDA") publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book"), Organon is the holder of New Drug Application ("NDA") No. 022225 for Bridion®, sugammadex sodium EQ 200 mg base/2 mL (EQ 100 mg base/mL) and EQ 500 mg base/5 mL (EQ 100 mg base/mL) solution for intravenous administration, approved on December 15, 2015.

13. According to Exhibit C of the Complaint, "BRIDION is indicated for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery."

14. NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

15. The Orange Book entry for Bridion® lists in relevant part U.S. Patent No. RE44,733 ("the '733 patent").

16. The '733 patent lists the title as "6-Mercapto-Cyclodextrin Derivatives: Reversal Agents For Drug-Induced Neuromuscular Block," the issue date for the reissued patent as January 28, 2014, and the assignee as Merck B.V. The '733 patent states that the '733 patent is a

reissue of U.S. Patent No. 6,670,340 ("the '340 patent") and that the '340 patent issued on December 30, 2003.

17. Merck B.V. purports and claims to own, and to have the right to enforce, the '733 patent.

18. Teva USA submitted an amendment to Abbreviated New Drug Application ("ANDA") No. 214126 to the FDA under 21 U.S.C. § 355(j) ("the 500 mg/5 mL Amendment") seeking approval to engage in the commercial manufacture, use, or sale of sugammadex injection, 500 mg/5 mL (100 mg/mL) ("the 500 mg/5 mL ANDA Product"). Teva USA submitted the 500 mg/5 mL Amendment to the FDA with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '733 patent.

19. Teva USA sent notice of this certification to Counterclaim-Defendants on or about November 4, 2020 ("the November Notice Letter"). On information and belief, and as Counterclaim-Defendants allege in their Complaint, Counterclaim-Defendants received the November Notice Letter.

20. On December 14, 2020, Counterclaim-Defendants filed suit in this Judicial District against Teva USA in connection with ANDA No. 214126 and the 500 mg/5 mL Amendment. (D.I. 1.)

21. A justiciable controversy exists as to infringement of the '733 patent and the validity of the '733 patent because Counterclaim-Defendants brought an action alleging that the manufacture, use, offer for sale, sale, or importation of the 500 mg/5 mL ANDA Product would infringe the '733 patent, and Counterclaim-Plaintiff has denied the alleged infringement and further alleges that the claims of the '733 patent are invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**FIRST COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the ’733 Patent**

22. Teva USA restates and incorporates by reference the allegations in Paragraphs 1–21 of Teva USA’s Counterclaims as if fully set forth herein.

23. Teva USA has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, one or more valid and enforceable claims of the ’733 patent.

24. For example, Teva USA will not infringe one or more claims of the ’733 patent because Teva USA will not treat patients, Teva USA will not encourage another party to practice the claimed methods, the ANDA Product will not be in the form of a kit comprising a neuromuscular blocking agent, and the claims of the ’733 patent are invalid.

25. The Court should declare that Teva USA has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, one or more valid and enforceable claims of the ’733 patent.

**SECOND COUNTERCLAIM**
**Declaratory Judgment of Invalidity or Unenforceability of the ’733 Patent**

26. Teva USA repeats and incorporates the allegations in Paragraphs 1–25 of Teva USA’s Counterclaims as if fully set forth herein.

27. In accordance with 21 U.S.C. § 355(j)(2)(B), the November Notice Letter included a detailed statement of factual and legal bases for why one or more claims of the ’733 patent are invalid.

28. Upon information and belief, the claims of the ’733 patent are invalid for failure to comply with one or more of the requirements of at least 35 U.S.C. §§ 102, 103, 112, and/or 251 *et seq.*, and/or are invalid under the doctrine of obviousness-type double patenting and/or the

reissue-recapture rule, and/or for any other judicially-created and/or non-statutory basis for invalidity or unenforceability.

29. By way of non-limiting example, one or more claims of the ’733 patent are invalid pursuant to 35 U.S.C. § 103 as obvious in view of prior art disclosing the limitations of one or more claims of the ’733 patent. Non-limiting examples of such art include Cserháti, Tibor & Forgács, Esther, *Charge-Transfer Chromatographic Study of the Complex Formation of Some Steroidal Drugs with Carboxymethyl-γ-cyclodextrin*, 246 ANALYTICAL BIOCHEMISTRY 205 (1997); Frédérique Guillo et al., *Synthesis of Symmetrical Cyclodextrin Derivatives Bearing Multiple Charges*, 132 BULL. SOC. CHIM. FR. 857 (1995); Chang-Chung Ling & Raphael Darcy, *6-s-Hydroxylated 6-Thiocyclodextrins: Expandable Host Molecules*, J. CHEM. SOC., CHEM. COMMUN. 203 (1993); J. Szejtli, *Medicinal Applications of Cyclodextrins*, 14 MED. RES. REV. 353 (1994); Leo H. D. J. Booij, *Neuromuscular Transmission and its Pharmacological Blockade Part 3: Continuous Infusion of Relaxants and Reversal and Monitoring of Relaxation*, 19 PHARM WORLD SCI. 35 (1997); J. M. Hunter, *New Neuromuscular Blocking Drugs*, 332 DRUG THERAPY 1691 (1995); Thomas O. Carpenter et al., *Severe Hypervitaminosis A in Siblings: Evidence of Variable Tolerance to Retinol Intake*, 111 J. OF PEDIATRICS 507 (1987); H. W. FRIJLINK, *The Effect of Parenterally Administered Cyclodextrins on Cholesterol Levels in the Rat, in* BIOPHARMACEUTICAL ASPECTS OF CYCLODEXTRINS 139 (1990); U.S. Patent No. 5,840,881; Thorsteinn Loftsson & Marcus E. Brewster, *Pharmaceutical Applications of Cyclodextrins. 1. Drug Solubilization and Stabilization*, 85 J. PHARM. SCI. 1017 (1996); Nina Sadlej-Sosnowska, *Influence of the Structure of Steroid Hormones on Their Association with Cyclodextrins: A High-Performance Liquid Chromatography Study*, 27 J. OF INCLUSION PHENOMENA AND MOLECULAR RECOGNITION IN CHEMISTRY 31 (1997); Frédérique Leroy-Lechat et al., *Evaluation of the*

*Cytotoxicity of Cyclodextrins and Hydroxypropylated Derivatives*, 101 INT. J. PHARM. 97 (1994); and P. A. Keicher & J. C. McAllister, *Comprehensive Pharmaceutical Services in the Surgical Suite and Recovery Room*, 42 AM. J. HOSP. PHARM. 2454 (1985), in addition to the knowledge of a person of ordinary skill in the art ("POSA") and the state of the art.

30. The claims of the '733 patent are invalid for obviousness-type double patenting in view of at least U.S. Patent No. 7,265,099.

31. The claims of the '733 patent are invalid, in whole or in part, for failure to comply with one or more of the requirements of 35 U.S.C. § 251, including but not limited to failing to qualify as a correctable error and violating the original patent requirement.

32. The claims of the '733 patent are invalid, in whole or in part, for violating the reissue-recapture rule.

33. There is a real, substantial, and justiciable controversy between Counterclaim-Plaintiff and Counterclaim-Defendants concerning whether one or more claims of the '733 patent are invalid and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 102, 103, 112, 251, and/or pursuant to common law and/or equitable doctrines.

34. The controversy between the parties is amenable to specific relief through a decree of conclusive character.

35. The Court should declare that one or more claims of the '733 patent are invalid and/or unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Teva USA respectfully prays for judgment in its favor and against Merck B.V. and Organon:

a. Declaring that the filing of the 500 mg/5 mL Amendment to ANDA No. 214126 did not infringe one or more valid and enforceable claims of the ’733 patent;

b. Declaring that the manufacture, use, sale, offer for sale, importation, distribution, and/or marketing of the 500 mg/5 mL ANDA Product has not infringed, does not infringe, and would not—if manufactured, used, sold, offered for sale, imported, distributed, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the ’733 patent, either literally or under the doctrine of equivalents;

c. Declaring that the claims of the ’733 patent are invalid and/or unenforceable;

d. Ordering that Plaintiffs’ Complaint be dismissed with prejudice and judgment entered in favor of Teva USA;

e. Denying Plaintiffs any of the relief they request in their Complaint;

f. Declaring this case exceptional and awarding Teva USA its reasonable attorneys’ fees and costs of defending this action and prosecuting its counterclaims under 35 U.S.C. § 285; and

g. Awarding Teva USA such other and further relief as the Court may deem just and proper.

Dated: January 8, 2020

Respectfully submitted,

/s/ *Eric I. Abraham*

Eric I. Abraham
Nakul Y. Shah
**HILL WALLACK LLP**
20 Roszel Road
P.O. Box 5226
Princeton, New Jersey 08543
Tel: (609) 924-0808
Fax: (609) 452-1888
eabraham@hillwallack.com
nshah@hillwallack.com

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*