William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*
*Merck Sharp & Dohme B.V.*
*and Organon USA Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERCK SHARP & DOHME B.V. and ORGANON USA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 20-18972 (CCC) (MF)<br><br>*Document Electronically Filed* |

**PLAINTIFFS' ANSWER AND SEPARATE DEFENSES TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs Merck Sharp & Dohme B.V. ("Merck B.V.") and Organon USA Inc. ("Organon") (together, "Merck"), answer the Counterclaims of Teva Pharmaceuticals USA, Inc. ("Teva") in accordance with the numbered paragraphs thereof as follows. To the extent the unnumbered headings contained in the Counterclaims contain allegations supporting Teva's Counterclaims, they are denied. Merck further states that any allegations in the Counterclaims that are not expressly admitted below are denied.

## THE PARTIES

1. Merck admits that Teva is a corporation organized and existing under the laws of the State of Delaware. Merck lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 1 and therefore denies these allegations.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Paragraph 6 contains conclusions of law for which no reply is required. To the extent a reply is required, Merck admits Teva's Counterclaims purport to seek declaratory relief under the patent laws of the United States.

7. Paragraph 7 contains conclusions of law for which no reply is required. To the extent a reply is required, Merck admits that this Court has subject matter jurisdiction over Teva's Counterclaims as to the patent-in-suit for purposes of this action only.

8. Paragraph 8 contains conclusions of law for which no reply is required. To the extent a reply is required, Merck admits that this Court has declaratory judgment jurisdiction over Teva's Counterclaims as to the patent-in-suit for purposes of this action only.

9. Merck admits that this Court has personal jurisdiction over Merck B.V. for purposes of this action only and that Merck filed this action. To the extent not admitted, Merck denies the allegations of paragraph 9.

10. Merck admits that this Court has personal jurisdiction over Organon for purposes of this action only and that Organon is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station,

New Jersey 08889. To the extent not admitted, Merck denies the allegations of paragraph 10.

11. Merck admits that venue is proper in this Judicial District for purposes of this action only. To the extent not admitted, Merck denies the allegations of paragraph 11.

## FACTUAL BACKGROUND

12. Admitted.

13. Admitted.

14. Upon information and belief, Merck admits the allegations of paragraph 14.

15. Merck admits that the ’733 patent covers Bridion® and methods of using Bridion® and that the ’733 patent is listed in the Orange Book in connection with NDA No. 022225. To the extent not admitted, Merck denies the allegations of paragraph 15.

16. Admitted.

17. Admitted.

18. Upon information and belief, Merck admits the allegations of paragraph 18.

19. Merck admits that it received a Paragraph IV Notice Letter dated November 4, 2020. To the extent not otherwise admitted, Merck lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies these allegations.

20. Merck admits the allegations of paragraph 20 and respectfully refers to the Complaint for its actual language and complete content.

21. Paragraph 21 states a legal conclusion for which no answer is required. To the extent a reply is required, Merck admits that this Court has declaratory judgment jurisdiction over Teva’s Counterclaims as to the patent-in-suit for purposes of this action only and that Merck filed this action alleging that the manufacture, use, offer for sale, sale, or importation of the ANDA

Products would infringe the ’733 patent. To the extent not admitted, Merck denies the allegations of paragraph 21.

## FIRST COUNTERCLAIM
## Declaratory Judgment of Non-Infringement of the ’733 Patent

22. Merck incorporates by reference the paragraphs of its Complaint and its responses to paragraphs 1-21 of Teva’s Counterclaims as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

## SECOND COUNTERCLAIM
## Declaratory Judgment of Invalidity or Unenforceability of the ’733 Patent

26. Merck incorporates by reference the paragraphs of its Complaint and its responses to paragraphs 1-25 of Teva’s Counterclaims as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Paragraph 33 contains conclusions of law for which no reply is required. To the extent a reply is required, Merck admits that this Court has declaratory judgment jurisdiction over Teva’s Counterclaims as to the patent-in-suit for purposes of this action only. To the extent not admitted, Merck denies the allegations of paragraph 33.

34. Paragraph 34 contains conclusions of law for which no reply is required. To the

extent a reply is required, Merck admits that this Court has declaratory judgment jurisdiction over Teva's Counterclaims as to the patent-in-suit for purposes of this action only. To the extent not admitted, Merck denies the allegations of paragraph 34.

35. Denied.

**MERCK'S SEPARATE DEFENSES**

Without prejudice to the denials set forth in this Answer and to the ability to amend this Answer to seek and allege any and all defenses not presently known or that are revealed during the course of discovery or otherwise, Merck asserts the following separate defenses in response to Teva's Counterclaims without assuming the burden of proof on any such defense that would otherwise rest with Teva:

**FIRST SEPARATE DEFENSE**

Teva's Counterclaims, and each and every purported cause of action alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

Teva's Second Counterclaim of Unenforceability fails to plead with the requisite particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**THIRD SEPARATE DEFENSE**

The claims of the '733 patent are valid and comply with the statutory provisions of Title 35 of the United States Code, including without limitation, one or more of sections 102, 103, 112, 251 *et seq.*, double patenting, the reissue-recapture rule, the original patent requirement, the correctable error requirement, and/or other judicially-created basis for invalidation.

**FOURTH SEPARATE DEFENSE**

Teva is not entitled to attorneys' fees against Merck because Teva has not sufficiently alleged and cannot prove that this is an exceptional case under 35 U.S.C. § 285.

## FIFTH SEPARATE DEFENSE

Any additional defenses that discovery may reveal.

## PRAYER FOR RELIEF

Merck denies that Teva is entitled to any relief on its Counterclaims. Merck further denies each and every allegation of the Counterclaims not expressly admitted or otherwise responded to above.

A. A judgment dismissing with prejudice Teva's Counterclaims and denying all relief sought by Teva;

B. An award to Merck of its costs and expenses in this action;

C. The entry of Judgment declaring that Teva's acts render this an exceptional case and awarding Merck attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

D. An award to Merck of the relief requested in its Complaint; and

E. Such further and other relief as this Court deems just and proper.

Dated: January 26, 2021
Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiff Merck Sharp & Dohme B.V. and Organon USA Inc.*

*Of Counsel*:

John J. Normile (*pro hac vice* to be submitted)
Sarah A. Geers
Lisamarie LoGiudice (*pro hac vice* to be submitted)
**JONES DAY**
250 Vesey Street
New York, NY 10281
(212) 326-3939

Andrea Weiss Jeffries (*pro hac vice* to be submitted)
**JONES DAY**
555 S. Flower Street
Los Angeles, CA 90071
(213) 243-2176

Anthony M. Insogna
**JONES DAY**
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134
(858) 314-1130

Jihong Lou (*pro hac vice* to be submitted)
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC 20001-2113
(202) 879-3631

Shayna Cook (*pro hac vice* to be submitted)
Alan Littmann (*pro hac vice* to be submitted)
Doug Winnard (*pro hac vice* to be submitted)
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
200 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 681-6000